# UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT



**UNITED STATES OF AMERICA,**

    **Appellee,**

v.

**Case No. 24-10734**

**RONALD HERNANDEZ,**

    **Appellant.**

_____/

## ON APPEAL FROM THE UNITED STATES DSITRICT COURT

## FOR THE NORTHERN DISTRICT OF TEXAS

## AT FORT WORTH

---

### PRO SE APPELLANT'S BRIEF

---

**Ronald Hernandez**

**# 39164-177**

P.O. Box 34550

Memphis, TN. 38134

## STATEMENT OF JURISDICTION

The district court has original jurisdiction pursuant to 18 U.S.C. Section 3231 because the charge constitutes an offense against the United States. This is an appeal from the denial of his motion for reduction in sentence before U.S. District Court Judge Mark T. Pittman in which presides in the Northern District of Texas at Fort Worth. The United States Court of Appeals for the Sixt Circuit has jurisdiction pursuant to 18 U.S.C. 3742 and 28 U.S.C. 1291.

## STATEMENT OF THE CASE

On August 12, 2009, Defendant Hernandez was charged by Grand Jury within a Superseding Indictment with four counts specifically, as to Count 1, PWID 50 Grams or More of Methamphetamine; Count 2, Manufacture and Possession of a Controlled Substance with Intent to Distribute 100 or More Marijuana Plants; Count 3, Possession of a Firearm in Furtherance of a Drug Trafficking Crime; and Prohibited Person in Possession of a Firearm (R. 23). On August 31, 2009, Defendant Hernandez was convicted after a Jury Trial of Counts 1, 2, and 3, and this Court sentenced him on December 11, 2009, to 405-months of imprisonment followed by five years of supervised release (R. 100). A Notice of Appeal was filed, and the Fifth Circuit Court of Appeals affirmed conviction on April 19, 2011, see United States v. Hernandez, 422 Fed. Appx. 386

(5th Cir. 2011). All federal post-conviction remedies were also denied and on January 3, 2024, the district court denied an earlier Compassionate Release motion (R. 140). In the beginning of July of 2024, Mr. Hernandez filed his pro se Emergency Motion for Reduction in Sentence Pursuant to 18 U.S.C. 3582 (c) (1) (A) (i) (R. 149), and without ordering a response from the Government the district court Summarily Denied Mr. Hernandez's Emergency Motion for Reduction in Sentence on July 29, 2024 (R. 150). A timely Notice of Appeal was filed, and this appeal now commences in the case herein.

## ARGUMENT

**I. Appellant Hernandez, states that the district court abused its discretion by failing to recognize that he did not raise the colorable issues raised within his ("RIS"), in any prior reduced sentence motion, and relying on clearly erroneous findings of fact, thus, requires the Fifth Circuit to VACATE and REMAND for reconsideration in the case herein.**

### A. Standard of Review

We review for abuse of discretion a district court's ruling on a 3582 (c) (1) (A) (i) motion for compassionate release. United States v. Jones, 980 F.3d 1098, 1112 (6th Cir. 2020). "An abuse of discretion occurs when the district court "relies on clearly erroneous findings of fact, uses an erroneous legal standard, or improperly applies

the law." United States v. Flowers, 963 F.3d 492, 497 (6th Cir. 2020).

## Discussion

When deciding whether to reduce a defendant's sentence under 3582 (c) (1) (A), a district court generally proceeds in three steps. See United States v. Elias, 984 F.3d 516, 518-19 (6th Cir. 2021). First, the district court considers whether "extraordinary and compelling reasons" support a sentence reduction. Id. Second, the court considers whether granting such a reduction would be "consistent with applicable policy statements issue by the Sentencing Commission." Id. Because there is currently no Sentencing Commission policy statement "applicable" to defendant-filed motions for compassionate release, "district courts are empowered to consider any extraordinary and compelling reason for release that defendant might raise." United States v. McCoy, 981 F.3d 271, 284 (4th Cir. 2020) (cleaned up); and United States v. Jones, 980 F.3d 1098, 1101 (6th Cir. 2020). Third, if the court determines that the defendant has demonstrated extraordinary and compelling reasons, it must also consider **all** **relevant** sentencing factors under 18 U.S.C. 3553 (a) to determine whether a sentence reduction is warranted. United States v. Jones, 980 F.3d 1098, 1101 (6th Cir. 2020).

In the instant case, Appellant Hernandez contends that the district court denied his motion for reduction in sentence (R. 150),

and the district court held as follows:

## ORDER

Before the Court is the latest motion of Ronald Hernandez for sentence reduction under 18 U.S.C. 3582 (c) (2). ECF No. 149. The Court only recently denied an earlier motion for sentence reduction filed by Movant on January 3, 2024. ECF No. 140. Having considered the current motion, the record, and applicable authorities, the Court concludes that the motion should be DENIED.

The Fifth Circuit has determined that neither the sentencing guidelines' policy statement nor the commentary is binding on the Court when addressing a motion under Sec. 3582. United States v. Shkambi, 993 F.3d 388 (5th Cir. 2021). Instead, the Court is bound only by 18 U.S.C. 3582 (c) (1) (A) and 18 U.S.C. 3553 (a). Nevertheless, the Court may use the policy statement as a tool in its review of the motion. In sum, to prevail on a motion for compassionate release, the movant must still (1) show extraordinary reasons (2) show that compassionate release is consistent with applicable policy statements, and (3) convince the district judge to exercise discretion to grant the motion after considering the Sec. 3553 (a) factors. United States v. Cooper, 996 F.3d 283, 287 (5th Cir. 2021) (citing Shkambi, 993 F.3d at 392). In making its determination, the Court is to consider, but is not bound to accept, arguments that evidence of rehabilitation

or other changes in law counsel in favor of sentence reduction or, on the hand, that evidence of violent behavior in prison counsels against providing relief. Concepcion v. United States, 142 S. Ct. 2389, 2404-05 (2020). "[A] district court is not required to be persuaded by every argument parties make, and it may, in its discretion, dismiss arguments that it does not find compelling without a detailed explanation." Id. 142 S. Ct. at 2404. Indeed, "the Act does not require a court to reduce any sentence." Id. (citation omitted).

Movant states that changes in the sentencing guidelines would have resulted in a lower guideline range if he were to be sentenced today. He also argues that his long sentence and conditions of confinement warrant a sentence reduction. These arguments have been considered and rejected by Judge McBryde at least twice. ECF Nos. 127 & 135. This Court also rejected these same arguments about eight months ago. ECF no. 140. This Court again agrees and adopts and incorporates Judge McBryde's prior reasoning. This is only Movant's latest attempt to seek relief from his lengthy sentence.

There are no extraordinary and compelling reasons for Movant's early release. Movant is serving a 345-month sentence. <u>He was convicted after a jury trial for being involved in a vast drug trafficking conspiracy.</u> Movant has not shown, and the Court cannot find, that Movant is not a danger to the safety of any other person or to the

community, as provided in 18 U.S.C. 3142 (g). USSG 1B1.13 (policy statement). Further, weighing the factors of 18 U.S.C. 3553 (a), the Court inclined to grant relief. Immediate release of Movant as he requests would not be in the interests of justice. Rather, it would minimize the seriousness of his crimes and conduct and encourage every other prisoner who could not obtain relief under 28 U.S.C. 2255 to seek compassionate relief for extraordinary and compelling circumstances. See United States v. Cantu, No. 1:05-cr-458-1, 2019 WL 2498923, at * 5 (S.D. Tex. June 17, 2019) (discussing appropriateness of relief where the determination is narrow and unlikely to have far-reaching implications); United States v. Nevers, No. 16-88, 2019 WL 7281929, at * 5-6 (E.D. La., Dec. 27, 2019) (same).

Having considered all the factors set forth in 18 U.S.C. 3553 (a), the court is not persuaded that relief should be granted. A reduction of the sentence of Movant would not reflect the seriousness of his conduct, promote respect for the law, provide just punishment, or afford adequate deterrence to criminal conduct. Moreover, the proffered grounds for relief are not extraordinary and compelling. The motion is DENIED.

See Exhibit A (A copy of Denial Order, R. 150, Filed 07/29/24).

## Part I:

The district court abused its discretion by failing to recognize that

Hernandez did not raise the colorable issues raised within his Emergency Motion for Reduction in Sentence ("RIS") (R. 149), in any prior reduced sentence motion in which requires this Appellate Court to vacate and remand for reconsideration in the case herein.

Appellant Hernandez, asserts that it is true that he did file a pro se Motion for Reduction in Sentence ("RIS"), since the passage of the New Policy Statement issued by the U.S. Sentencing Commission on December 19, 2023 (R. 139). It appears that Mr. Hernandez with the assistance of an inexperienced jail house lawyer filed a 45 page pro se Motion for Reduction in Sentence ("RIS"), in which Hernandez argued as follows:

(1) Hernandez current sentence is longer than necessary to achieve the objectives that a sentence be sufficient but not greater than necessary. See ("RIS"), at R. 139, PageID.1103.

(2) Hernandez also submits that this is an unusually long sentence given all of the facts. See ("RIS"), at R.139, PageID.1103.

(3) His record of rehabilitation can be considered extraordinary. See ("RIS"), at R. 139, PageID.1103-1104.

(4) Hernandez's sentence has proven to be disproportionate when compared with sentences received by notorious and violent drug kingpins. See ("RIS"), at R. 139, PageID.1105-1106.

(5) Purity of Methamphetamine, and the actual weight involved in

the offense in this case and how that effected the sentencing in this case resulting in the overly harsh sentence. See ("RIS"), at R. 139, PageID.1107-1119.

(6) The Court can and should consider the current COVID-19 pandemic, and the dangers to prisoners associated with it. See ("RIS"), at R. 139, PageID.1119-1120.

(7) Articulation of the 3553 (a) factors. See ("RIS"), at R. 139, PageID. 1121-1129.

See Exhibit B (Several pages of Hernandez's ("RIS"), filed 12/19/23. R. 139).

However, Mr. Hernandez, states that within his July of 2024, Emergency Motion for Reduction in Sentence (R. 149), he utilized the assistance of federal paralegal specialist in which argued as follows: Part I: Defendant Hernandez, contends that if sentenced TODAY in the wake of the DOJ's change in policy he would not be subject to a mandatory minimum sentence for his methamphetamine conviction or Section 924 (c) (1) conviction and his statutory maximum would have been 20 years in which merits a reduced federal sentence in the matter herein.

See ("RIS"), at R. 149, page 5-7.

Part II: If sentenced TODAY in light of the U.S. Supreme Court's Ruling in Dean v. United States, 581 U.S. 62 (2017), in which merits a REDUCED

federal sentence as to the underlying drug convictions Count 1 and 2, in which creates an "unwarranted sentencing disparity as the law stands today."

See ("RIS"), at R. 149, page 7-9.

Part III: The Sentencing Court's "upward departure" was procedurally and substantially unreasonable as it was based upon factors already considered by the Sentencing Guidelines and based on non-Shepard approved documents as well as misinformation of constitutional magnitude if sentenced TODAY such "upward departure" could "no longer" apply as the law stands today.

See ("RIS"), at R. 149, page 10-12.

Part IV: Harsh conditions of confinement through COVID-19 pandemic compared to individuals being sentenced during the pandemic have received reduced federal sentences to account for harsh conditions in which has created an unwarranted disparity in sentencing.

See ("RIS"), at R. 149, page 12-15.

Part V: If sentenced TODAY the average federal sentence for Trafficking in Methamphetamine is 95 months and with the addition of 60 months consecutive for Ct. 3, Possession of a Firearm in Furtherance of a Drug Trafficking Crime is 155 months of imprisonment, thus, to avoid a vast sentence disparity nationally of his 405-month federal sentence should be REDUCED to "time served."

See ("RIS"), at R. 149, page 15-17.

2. The Section 3553 (a) factors weigh in favor of Granting Hernandez's Emergency Motion for Reduction in Sentence

See ("RIS"), at R. 149, page 18-25.

The only issue that was raised within his July of 2024, Emergency Motion for Reduction in Sentence (R. 149), however, that was vaguely raised within his December 19, 2023, ("RIS," R. 139), was a request for the Court to consider current COVID-19 pandemic and the dangers to prisoners associated with it ("RIS," R.139, at PageID.1119-1120), but no applicable case law was relied upon and no personal articulation as to how the COVID-19 pandemic impacted Hernandez, thus, reconsideration of that issue is warranted in the case herein. The fact that the district court held that Mr. Hernandez had previously argued the issues raised within his July of 2024, Emergency Motion for Reduction in Sentence (R. 149), is simply untrue and means that the district court rejected the colorable issues based upon erroneous facts that they were previously considered and rejected in which constitutes an abuse of discretion in the case herein. See United States v. Lipscomb, 299 F.3d 303, 338-39 (5th Cir. 2002) (A court abuses its discretion when the court "makes an error of law" or "bases its discretion on a clearly erroneous assessment of the evidence.") (emphasis added).

## Part II:

The district court clearly abused its discretion by relying upon clearly erroneous facts to deny Mr. Hernandez a reduced federal sentence, thus, the Appellate Court should vacate and remand to the lower court for reconsideration in the case at bar.

Appellant Hernandez, states that the district court relied upon clearly erroneous facts when denying his Emergency Motion for Reduction in Sentence ("RIS," R. 149, at PageID.1290), in which the district court stated as follows:

**"He was convicted after a jury trial for being involved in a vast drug trafficking conspiracy."**

However, Appellant Hernandez, asserts that he was not convicted after Jury Trial of a vast drug conspiracy but he was actually convicted after Jury Trial of Count 1, PWID Methamphetamine; Count 2, Manufacture and PWID Methamphetamine; and Count 3, Possession of a Firearm in Furtherance of a Drug Trafficking Crime. See Exhibit C (A copy of August 31, 2009, R. 84, Verdict of the Jury). As the result of the district court relied upon erroneous findings of facts to deny Mr. Hernandez, thus, this constitutes an abuse of discretion and this Appellate Court should VACATE and REMAND for reconsideration in the matter herein. See United States v. Flowers, 963 F.3d 492, 497 (6th Cir. 2020) ("An abuse of discretion occurs when the district court "relies on

clearly erroneous findings of fact, uses an erroneous legal standard, or improperly applies the law.") (emphasis added).

**II. Appellant Hernandez, asserts that the district court abused its discretion by failing to consider the U.S. Sentencing Commission's New Policy Statement to decide whether "extraordinary and compelling" exists to qualify him for a reduced federal sentence in the case at bar.**

Appellant Hernandez, states that the district court relied upon a Fifth Circuit Court of Appeals Ruling in **Shkambi,** 993 F.3d 388 (5th Cir. 2021), and **Cooper,** 996 F.3d 283, 287 (5th Cir. 2021), to hold that neither the sentencing guidelines' policy statement nor the commentary is binding on the Court when addressing a motion under Section 3582. However, Appellant Hernandez, contends that when the district court denied his Emergency Motion for Reduction in Sentence on July 29, 2024, binding published Fifth Circuit precedents in United States v. Jean, ___ F.4th ___, 2024 U.S. App. LEXIS 17274, 2024 WL 3409145 (5th Cir. July 15, 2024), governed the New Policy Statement-Section 1B1.13, and the failure of the district court to adhere to binding Fifth Circuit precedents constitutes a clear abuse of discretion in which requires the lower court's decision to be vacated and remanded for reconsideration in accordance with the Fifth Circuit's Ruling in **Jean,** 2024 U.S. App. LEXIS 17274, 2024 WL 3409145 (5th

Cir. July 15, 2024) (It is within a district court's sound discretion to hold that non-retroactive changes in the law, in conjunction with other factors such as extraordinary rehabilitation, sufficiently support a motion for compassionate release. To be clear, it also within a district court's sound discretion to hold, after fulsome review, that the same do not warrant compassionate release. For this court to hold otherwise would be to limit the discretion of the district courts, contrary to Supreme Court precedent and Congressional intent. We decline the United States' invitation to impose such a limitation. And, of course, district courts are now guided by the November 1, 2023 Amendments in future cases. For these reasons, we AFFIRM the district court's grant of Jean's motion for compassionate release and subsequent judgment.) (emphasis added).

If the district court reconsiders in light of the Fifth Circuit's Ruling in **Jean,** 2024 U.S. App. LEXIS 17274, * 33 (5th Cir. July 15, 2024), thus, it will reasonably find "extraordinary and compelling reasons" to justify a reduced federal sentence in the case herein.

**III. Appellant Hernandez, contends that the district court abused its discretion by holding that the Section 3553 (a) factors did not weigh in favor of a reduced federal sentence in the matter herein.**

### Discussion

**First,** Appellant Hernandez, asserts that the district court abused

its discretion by failing to consider **all** relevant Section 3553 (a) factors as required by Fifth and Sixth Circuit precedents. See United States v. Jones, 980 F.3d 1098, 1101 (6th Cir. 2020) (Third, if the court determines that the defendant has demonstrated extraordinary and compelling reasons, it must also consider **all relevant** sentencing factors under 18 U.S.C. 3553 (a) to determine whether a sentence reduction is warranted.); and United States v. Robinson, 542 F.3d 1045, 1049, 1052 (5th Cir. 2008) (same). Thus, Mr. Hernandez, contends that as the result of the district court considering the Section 3553 (a) factors it was obligated to consider **all relevant** Section 3553 (a) factors but although the district court states that it considered all Section 3553 (a) factors it failed to do so upon the record and it only appears the district court considered "would not reflect the seriousness of his conduct, promote respect for the law, provide just punishment, or afford adequate deterrence to criminal conduct." See Ex. A, at PageID.1290-1291.

Appellant Hernandez, argues firmly that the Court consistent with the Denial Order record merely relied upon the Section 3553 (a) factors "seriousness of the offense(s)" of conviction, "promote respect for the law," and "provide just punishment." However, the district court failed altogether to consider upon the record that the other critical 18 U.S.C. 3553 (a) factors as follows: (1) Mr. Hernandez's meritorious post-rehabilitation efforts

consistent with U.S. Supreme Court precedents impacts consideration of 18 U.S.C. 3553 (a) (2) (B) "to afford adequate deterrence to criminal conduct"

(2) Mr. Hernandez's meritorious post-rehabilitation efforts consistent with U.S. Supreme Court precedents impacts consideration of 18 U.S.C. 3553 (a) (2) (C) "to protect the public from further crimes of the defendant. The U.S. Sentencing Commission Recidivism Study reveals that Mr. Hernandez at 42 years old a 13.1 % chance at reoffending at such age of Release.

(3) The kinds of sentences available, thus, consistent with Section 3553 (a) (3) and (a) (4) based upon the Changes in Law; DOJ Policy; Harsh Confinement through COVID-19 Pandemic should be considered

(5) The need to avoid unwarranted sentencing disparities consistent with Section 3553 (a) (6), national disparity is also relevant to be considered pursuant to 18 U.S.C. 3553 (a) (6).

Appellant Hernandez, argues that Section 3553 (a) factors weigh in favor of a reduced federal sentence when all relevant Section 3553 (a) factors are properly considered as required by Fifth Circuit precedents, thus, an abuse of discretion occurred in which requires the Fifth Circuit to **VACATE and REMAND** for reconsideration of all relevant Section 3553 (a) factors in the case herein.

## CONCLUSION

In conclusion, Appellant Hernandez, concludes that this Honorable Fifth Circuit should **VACATE** and **REMAND** to the district court with specific instructions as this Appellate Court deems warranted in the case herein.

Respectfully submitted,

Date: 12 / 16 / 24

*Ronald Hernandez*

Mr. Ronald Hernandez

# 39164-177

FCI-Memphis

P.O. Box 34550

Memphis, TN. 38134

## Certificate of Service

I, Ronald Hernandez, certify that on _December 16th,_ 2024, I

mailed by 2-Day Priority Mail the Original copy of my Pro Se Appellant's

Brief to this Honorable Sixth Circuit Court of Appeals and one copy to

the opposing party listed below herein:


AUSA Stephen S. Gilstrap

U.S. Attorney's Office

1100 Commerce Street

Dallas, TX. 75242-1699


Date: _12 / 16 / 24_

/s/ _Ronald Hernandez_

Mr. Ronald Hernandez

Pro Se Appellant

# EXHIBIT A

(A copy of Denial Order, R. 150, Filed 07/29/24).

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.                                                    **No. 4:09-cr-72-P-1**
                                                      **No. 4:24-cv-630-P**

RONALD HERNANDEZ
Defendant.

## ORDER

Before the Court is the latest motion of Ronald Hernandez for sentence reduction under 18 U.S.C. § 3582(c)(2). ECF No. 149. The Court only recently denied an earlier motion for sentence reduction filed by Movant on January 3, 2024. ECF No. 140. Having considered the current motion, the record, and applicable authorities, the Court concludes that the motion should be **DENIED.**

The Fifth Circuit has determined that neither the sentencing guidelines' policy statement nor the commentary is binding on the Court when addressing a motion under § 3582. *United States v. Shkambi*, 993 F.3d 388 (5th Cir. 2021). Instead, the Court is bound only by 18 U.S.C. § 3582(c)(1)(A) and 18 U.S.C. § 3553(a). Nevertheless, the Court may use the policy statement as a tool in its review of the motion. In sum, to prevail on a motion for compassionate release, the movant must still (1) show extraordinary reasons, (2) show that compassionate release is consistent with applicable policy statements, and (3) convince the district judge to exercise discretion to grant the motion after considering the § 3553(a) factors. *United States v. Cooper*, 996 F.3d 283, 287 (5th Cir. 2021) (citing *Shkambi*, 993 F.3d at 392). In making its determination, the Court is to consider, but is not bound to accept, arguments that evidence of rehabilitation or other changes in law counsel in favor of sentence reduction or, on the other hand, that evidence of violent behavior in prison counsels against providing relief.

*Concepcion v. United States*, 142 S. Ct. 2389, 2404–05 (2022). "[A] district court is not required to be persuaded by every argument parties make, and it may, in its discretion, dismiss arguments that it does not find compelling without a detailed explanation." *Id.*, 142 S. Ct. at 2404. Indeed, "the Act does not require a court to reduce any sentence." Id. (citation omitted).

Movant states that that changes in the sentencing guidelines would have resulted in a lower guideline range if he were to be sentenced today. He also argues that his long sentence and conditions of confinement warrant a sentence reduction. These arguments have been considered and rejected by Judge McBryde at least twice. ECF Nos. 127 & 135. This Court also rejected these same arguments about eight months ago. ECF no. 140. This Court again agrees and adopts and incorporates Judge McBryde's prior reasoning. This is only Movant's latest attempt to seek relief from his lengthy sentence.

There are no extraordinary and compelling reasons for Movant's early release. Movant is serving a 345-month sentence. He was convicted after a jury trial for being involved in a vast drug trafficking conspiracy. Movant has not shown, and the Court cannot find, that Movant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g). USSG 1B1.13 (policy statement). Further, weighing the factors of 18 U.S.C. § 3553(a), the Court is not inclined to grant relief. Immediate release of Movant as he requests would not be in the interest of justice. Rather, it would minimize the seriousness of his crimes and conduct and encourage every other prisoner who could not obtain relief under 28 U.S.C. § 2255 to seek compassionate relief for extraordinary and compelling circumstances. *See United States v. Cantu*, No. 1:05-CR-458-1, 2019 WL 2498923, at *5 (S.D. Tex. June 17, 2019) (discussing appropriateness of relief where the determination is narrow and unlikely to have far-reaching implications); *United States v. Nevers*, No. 16-88, 2019 WL 7281929, at *5-6 (E.D. La. Dec. 27, 2019) (same).

Having considered all the factors set forth in 18 U.S.C. § 3553(a), the court is not persuaded that relief should be granted. A reduction of the sentence of Movant would not reflect the seriousness of his conduct, promote respect for the law, provide just punishment, or afford

2

adequate deterrence to criminal conduct. Moreover, the proffered grounds for relief are not extraordinary and compelling. The motion is **DENIED**.

**SO ORDERED** on this **29th day of July 2024.**

Mark T. Pittman
UNITED STATED DISTRICT JUDGE

3

# EXHIBIT B

(Several pages of Hernandez's ("RIS"), at R. 139, PageID.1121-1129).

## **ARGUMENT**

There is no excuse for his actions, however, Mr. Hernandez submits that the current sentence is longer than necessary in this case to achieve the objectives that a sentence be sufficient but not greater than necessary, to achieve the goals of sentencing as spelled out in 18 U.S.C. § 3582. Hernandez also submits that this is an unusually long sentence given all of the facts.

Serving an original sentence of 33.75 years was not easy for a 25-year-old young man to accept and deal with. Mr. Hernandez used his time in prison productively, and committed himself to changing his character. Entering prison at the age of 25 years old inside of some of the most dangerous prisons in the FBOP was not easy. There were two roads for Hernandez to choose from, one was a road of mischief and trouble. The other was a road of self-betterment and rehabilitation.

Hernandez chose a road of self-betterment. In his pursuit of rehabilitation, he made exceptional strides in bettering himself. He has completed numerous rehabilitative programs, and has maintained employment. At the top of that list is the fact that Mr. Hernandez earned a two associate college degree's one of which he paid for out of pocket through the International School of Ministry. Hernandez has devoted his life to Christ in every way and every aspect. In addition to his Two

5

College degrees he has completed numerous programs that include but are not limited to first earning his High School Diploma/GED, Alternatives to Violence, AVP Facilitator Training, Suicide Companion, How to Re-Enter Society, Recidivism Cycle, Professional Cokking Courses, Criminal Thinking, Stop the Violence, Job Fair, Criminal Mind Set, Leadership Courses, Sociology Courses, Environmental Science, Associates Degree in Certified Electronics, the High Intensity Alcoholism and Substance Studies through CSAT, Business Math, and a host of other life skills training programs that will assist him with a successful reentry, See Exhibit A. He has also maintained employment with excellent work reports. This shows his commitment to waking up every morning and going to work demonstrating his effort at real life skills training. See Exhibit A. Mr. Hernandez is an example of what 18 U.S.C. §3553 (a) is when it comes to rehabilitation and changing his character.

His record of rehabilitation can be considered extraordinary. Hernandez submits that he is no longer the man who made irrational and irresponsible choices to engage in criminal conduct, and that there is no concern that he would be a danger to the public if released. This is because he has learned to respect the rule of law, in conjunction with his rehabilitation. He has a deep seeded remorse for the irrational and irresponsible choices that he made that resulted in a 33-year prison term.

6

See Lois M. Davis, et al., Evaluating the Effectiveness of Correctional

Education: A Meta-Analysis of Programs That Provide Education to Incarcerated

Adults, RAND CORP. (2013) (explaining, a meta-analysis of studies that

evaluated correctional education and post-release recidivism found that "on

average, inmates who participated in correctional education programs had 43

percent lower odds of recidivating than inmates who did not"). Hernandez has

used his time in prison wisely to gain valuable knowledge and skills that will

allow him to contribute to society upon his release.

Mr. Hernandez submits while he makes no excuses for his actions he submits that

the sentence in this case is unusually long. The following examples illustrate the

above-mentioned argument:

1. The Arellano-Felix Drug Organization (AFO) was "once among the world's
most violent and powerful multi-national drug trafficking organizations."
See, "LAST OF ARELLANO-FELIX BROTHERS SENTENCED." (Aug.
19, 2013) available at http://www.cbs8.com/story/23170978/last-of-arellano-
felix-brothers-sentenced-to-15-years-in-federal-prison. The AFO was
responsible for moving hundreds of tons of cocaine and marijuana from
Mexico and Columbia into the United States. Id. The organization terrorized
the South West United States borders with executions, torture, beheadings,
kidnappings and bribes to law enforcement. Id. In 2013, Eduardo Arellano-
Felix, who acted as the chief financial officer of the organization, was
sentenced to 15 years. His brother Benjamin, also an organization leader,
was previously sentenced to 25 years in Federal prison. The third brother
and primary leader of the organization Javier, was sentenced to life in
prison.

2. Osiel Cardenas-Guillen was the former head of the Gulf Cartel. The Gulf Cartel was responsible for importing thousands of kilograms of cocaine into the United States from Mexico and using violence and intimidation to further the goals of the criminal enterprise. In 2010, Cardenas-Guillen was sentenced to 25 years in federal prison. See "OSIEL CARDENAS-GUILLEN FORMER HEAD OF THE GULF CARTEL, SENTENCED TO 25 YEARS IMPRISONMENT." (Feb. 24, 2010) available at https://archives.fbi.gov/archives/houston/press-releases/2010/ho022410b.htm.

3. George Jung was responsible for 85% of the cocaine smuggled into the United States in the 1970's and 1980's and was released from Federal prison in 2014 after serving approximately 20 years. See CBS "NOTORIOUS EX-COCAINE KINGPIN GEORGE JUNG OUT OF PRISON, LIVING IN SAN FRANCISCO" (June 3, 2014) available at https://sanfrancisco.cbslocal.com/2014/06/03/notorious-ex-cocaine-kingpin-george-jung-out-of-prison-living-in-san-francisco/.

4. Finally, Griselda Blanco, known as the cocaine Godmother and the Queen of cocaine, was a drug lord of the Medellin cartel, and a pioneer in the Miami-based cocaine drug trade and the underworld during the 1970's and early 1980's. She was the suspect of over 200 murders and was sentenced to 15 years in Federal prison. See "GRISELDA BLANCO BOIGRAPHY" at http://www.biography.com/people/griseldA-blanco-2096S40.

Hernandez's sentence has proven to be disproportionate when compared with sentences received by notorious and violent drug kingpins. This demonstrates that the current 33-year term is greater than necessary to achieve the goals of sentencing in the instant matter. Moreover, the Court can and also should consider the sentence was largely motivated by Methamphetamine in which there has been much argument with evidence-based findings that the sentences are overly harsh.

8

This Court can consider the purity of the methamphetamine, and the actual weight involved in the offense in this case and how that effected the sentencing in this case resulting in the overly harsh sentence as well. Many courts have addressed this issue.

Uncharged drug quantities that "foreseeably fall [] within the scope of jointly undertaken criminal activity" may be considered in assessing a defendant's relevant conduct and sentence. United States v. Bautista, 532 F.3d 667, 672 (7th Cir. 2008). But criminal defendants have a right to be sentenced on the basis of accurate information. The government bears the burden of proving by a preponderance of the evidence that uncharged drug quantities are attributable to a defendant. See United States v. Helding, 948 F.3d 864, 870 (7th Cir. 2020); United States v. Longstreet, 567 F.3d 911, 923–24 (7th Cir. 2009). While district courts may consider evidence that would not be admissible at trial, United States v. Clark, 538 F.3d 803, 812 (7th Cir. 2008), that information nonetheless must be well supported and reliable, United States v. Johnson, 489 F.3d 794, 797 (7th Cir. 2007). These principles are reflected and implemented in Federal Rule of Criminal Procedure 32. *United States v. Gibbs*, 26 F.4th 760, 763 (7th Cir. 2022), here the Court found. "When the government fails to meet its burden to support uncharged drug quantities, "the government is not permitted on remand to try again and submit new evidence in a belated effort to carry its burden." Noble , 367 F.3d at

682. The government is entitled to only one chance to present this evidence. In this case, the government did not simply fail to present sufficient evidence; it failed to provide any evidence at all of the higher drug quantity. Gibbs is entitled to be resentenced using offense level 35 and Criminal History category II.

See also for example, See United States v. Carnell, 972 F.3D 932 (7th Cir. 2020), Scott Carnell pleaded guilty to a conspiracy to distribute 50 grams or more of meth under 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 846. The Government sought to classify the 2.37 kg of meth attributed to the conspiracy as "ice," which is treated as "pure" meth or "methamphetamine (actual)" instead of a mixture as long as it is at least 80% pure. Guidelines § 2D1.1, note C.

Over Carnell's objection, the U.S. District Court for the Southern District of Illinois sustained this classification because the Government introduced evidence where the codefendants referred to the drugs as "ice," lab reports stating the substance was "crystalline," and law enforcement testimony about the habits and practices of meth dealers and users who said the drugs were of high purity. However, the lab reports merely confirmed the substance was meth but did not measure its purity because the two agencies conducting the testing lacked the capability to do so.

# EXHIBIT C

(A copy of August 31, 2009, R. 84, Verdict of the Jury).

NORTHERN DISTRICT OF TEXAS
FILED

AUG 3 1 2009

CLERK, U.S. DISTRICT COURT

By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

UNITED STATES OF AMERICA      §
                              §
VS.                           §   NO. 4:09-CR-072-A
                              §
RONALD HERNANDEZ              §

## VERDICT OF THE JURY AS TO
## COUNTS ONE, TWO, AND THREE

1.

We, the jury, find the defendant, **RONALD HERNANDEZ**,

_Guilty_ as to Count One of the Indictment.

2.

We, the jury, find the defendant, **RONALD HERNANDEZ**,

_Guilty_ as to Count Two of the Indictment.

3.

We, the jury, find the defendant, **RONALD HERNANDEZ**,

_Guilty_ as to Count Three of the Indictment.

August _31_, 2009

_____
Foreperson

ACCEPTED:

August _31_, 2009.

_____
JOHN McBRYDE
United States District Judge

For the information of the jury, Counts One, Two, and Three of the indictment read as follows:

### Count One
### Possession of a Controlled Substance
### with Intent to Distribute
### (Violations of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)

On or about May 3, 2009, in the Fort Worth Division of the Northern District of Texas, defendant, **Ronald Hernandez**, did knowingly and intentionally possess with intent to distribute 50 grams or more of methamphetamine, a Schedule II controlled substance.

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A).

### Count Two
### Manufacture and Possession of a Controlled
### Substance with Intent to Distribute
### (Violations of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B))

On or about May 3, 2009, in the Fort Worth Division of the Northern District of Texas, defendant, **Ronald Hernandez**, did knowingly and intentionally manufacture and possess with intent to distribute 100 or more marijuana plants, a Schedule I controlled substance.

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B).

2

<u>Count Three</u>
Possession of a Firearm in Furtherance
of a Drug Trafficking Crime
(Violation of 18 U.S.C. § 924(c)(1)(A)(i))

On or about May 3, 2009, in the Fort Worth Division of the Northern District of Texas, defendant, **Ronald Hernandez**, did knowingly possess a firearm, namely, a handgun, and a rifle, in furtherance of the drug trafficking crime, as alleged in Count One of the Indictment.

In violation of 18 U.S.C. § 924(c)(1)(A)(i).

PRESS FIRMLY TO SEAL
PRESS FIRMLY TO SEAL

PRIORITY MAIL
FLAT RATE ENVELOPE
POSTAGE REQUIRED

FROM:

UNITED STATES POSTAL SERVICE®

**P** US POSTAGE PAID
$10.45
Origin: 48917
12/21/24
2552780203-22

PRIORITY MAIL®  Retail PRIORITY®

☒ Expected delive
☒ Most domestic s
☒ USPS Tracking®
☒ Limited internati
☒ When used inter

* Insurance does not co
Domestic Mail Manual
** See International Mai

FLAT RA
ONE RATE ☒ AN

TRACKED

PS0000100

EXPECTED DELIVERY DAY: 12/24/24   C027

0 Lb 12.80 Oz   RDC 03

SHIP
TO:
STE 115
600 S MAESTRI PL
NEW ORLEANS LA 70130-3440

USPS TRACKING® #

9505 5128 2182 4356 4571 50

Label 228, March 2016   FOR DOMESTIC AND INTERNATIONAL USE

PRIORITY
* MAIL *
UNITED STATES POSTAL SERVICE®
VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

FROM:
Mr. Ronald Hernandez
#39164-177
Federal Correctional Institution
P.O. Box 34550
Memphis, TN. 38134

TO:
Clerk of the Court
Fifth Circuit Court of Appeals
600 S. Maestri Place
Ste. 115
New Orleans, LA, 70130

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments. Misuses may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; May 2020; All rights reserved.