# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 28, 2026

Lyle W. Cayce
Clerk

—————————

No. 24-10734

—————————

United States of America,

*Plaintiff—Appellee*,

*versus*

Ronald Hernandez,

*Defendant—Appellant*.

—————————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:09-CR-72-1

—————————————————————————

Before Wiener, Engelhardt, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Defendant-Appellant Ronald Hernandez appeals the district court's denial of his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). The district court failed to address arguments raised by Hernandez in his most recent motion and based its order on erroneous statements of the record. Accordingly, we VACATE the district court's

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-10734

Order and REMAND for additional proceedings consistent with this opinion.

I.

On December 5, 2009, Hernandez was convicted of possession of a controlled substance with intent to distribute, manufacture and possession of a controlled substance with intent to distribute, and possession of a firearm in furtherance of a drug trafficking crime. Hernandez has since filed four motions under the provisions of 18 U.S.C. § 3582(c), seeking to reduce his sentence. His first two motions were made under 18 U.S.C. § 3582(c)(2) and do not require further elaboration.

In December 2023, Hernandez filed a motion under 18 U.S.C. § 3582(c)(1). He raised four reasons to reduce his sentence: (1) he was given an unusually long sentence; (2) if sentenced today, he would be subject to a shorter sentence; (3) his record of rehabilitation showed he is no danger to the public; and (4) the COVID-19 pandemic placed him in danger. The district court denied Hernandez's motion, finding that his claim of a "long sentence and his rehabilitation" alone could not justify early release. *United States v. Hernandez*, No. 4:09-cr-0072-P(1), at *2 (N.D. Tex. Jan. 3, 2024). That court also found that Hernandez had made no attempt to show that he was not a danger to the community and that he had only served half of his sentence for his involvement in a "vast drug trafficking conspiracy." *Id.* The court "considered all the factors set forth in 18 U.S.C. § 3553(a)" and found no reason to reduce Hernandez's sentence. *Id.* Hernandez appealed but subsequently dismissed his appeal.

Hernandez now moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). He provides six allegedly "extraordinary and compelling" reasons to reduce his sentence: (1) DOJ policy changes effective January 2023 placed limitations for charging crimes with mandatory

2

minimum sentences which he claims would have reduced his sentence if he were sentenced today; (2) the decision in *Dean v. United States*, 581 U.S. 62 (2017), would have allowed the district court to impose a lesser sentence because it could take into account his 60-month mandatory consecutive sentence on the firearm possession conviction in determining his other sentences; (3) the upward departure imposed by the district court during his original sentencing was unreasonable and improper because it was based on documents not approved by *Shepard v. United States*, 544 U.S. 13 (2005); (4) his sentence, imposed prior to the COVID-19 pandemic, should be reduced to avoid an unwarranted sentencing disparity, given that defendants sentenced during the pandemic received reduced sentences to account for harsh pandemic-related conditions; (5) his sentence on the methamphetamine count should be reduced to avoid an unwarranted sentencing disparity, given that, currently, the average federal sentence for trafficking in methamphetamine is 95 months of imprisonment; and (6) his "meritorious post-rehabilitation efforts" warrant reduction.

The district court denied Hernandez's motion, finding no extraordinary and/or compelling reasons to reduce his sentence. At the outset, the district court stated that it had "considered the current motion, the record, and applicable authorities." The district court summarized Hernandez's contentions as: "[Hernandez] states that . . . changes in the sentencing guidelines would have resulted in a lower guideline range if he were to be sentenced today. He also argues that his long sentence and conditions of confinement warrant a sentence reduction." The district court asserted that the United States Sentencing Guidelines policy statements do not bind district courts for prisoner's motions. [1] Finally, the district court

---

[1] Citing our decision in *United States v. Shkambi*, 993 F.3d 388 (5th Cir. 2021), the district court explained that it was not bound by the Sentencing Commission's policy

determined that it had "rejected these same arguments" before, and adopted and incorporated Judge McBryde's reasoning in denying Hernandez's § 3582(c)(2) motions.

## II.

We review the denial of a motion for compassionate release for abuse of discretion. *United States v. Cooper*, 996 F.3d 283, 286 (5th Cir. 2021). A court abuses its discretion when "it bases its decision on an error of law or a clearly erroneous assessment of the evidence." *United States v. Handlon*, 53 F.4th 348, 351 (5th Cir. 2022) (citation omitted). When evaluating a motion for compassionate release, the district court must "demonstrate that it has considered the arguments before it." *Concepcion v. United States*, 597 U.S. 481, 502 (2022). It must also "construe [pro se] filings liberally[.]" *Collins v. Dallas Leadership Found.*, 77 F.4th 327, 330 (5th Cir. 2023). But a sentencing court "cannot deny a second or subsequent motion for compassionate release 'for the reasons stated' in a prior denial where the subsequent motion presents changed factual circumstances and it is not possible to discern from the earlier order what the district court thought about the relevant facts." *Handlon*, 53 F.4th at 353. However, "[e]ven when the district court has erred, we may affirm if another ground in the record supports its judgment." *United States v. Jackson*, 27 F.4th 1088, 1091 (5th Cir. 2022) (citing *United States v. Garrett*, 15 F.4th 335, 340 (5th Cir. 2021)).

---

statements because Hernandez—not the Director of the Bureau of Prisons—brought the motion. However, *Shkambi*'s rationale no longer applies because the Commission revised the applicable policy statement and extended it to motions brought by prisoners. U.S.S.G. § 1B1.13(a). Therefore, our caselaw holding that the policy statements are binding on compassionate-release motions applies equally to motions brought by prisoners. *See United States v. Garcia*, 655 F.3d 426, 435 (5th Cir. 2011) ("If a sentence reduction is inconsistent with a policy statement, it would violate § 3582(c)'s directive, so policy statements must be binding.").

"[A] prisoner seeking compassionate release must overcome three hurdles." *Id.* at 1089. First, he must prove that "extraordinary and compelling reasons" justify a sentence reduction. *Id.* (citing 18 U.S.C. § 3582(c)(1)(A)(i)). Second, the reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* (quoting § 3582(c)(1)(A)). "Finally, the prisoner must persuade the district court that his early release would be consistent with the sentencing factors in 18 U.S.C. § 3553(a)." *Id.* If the § 3553(a) factors weigh against a reduction, the district court has the discretion to deny the motion. *Id.* (quoting *Ward v. United States*, 11 F.4th 354, 360 (5th Cir. 2021)).

## III.

### A.

The district court's order makes materially inaccurate claims regarding Hernandez's most recent motion. Despite summarizing part of Hernandez's motion as stating that "changes in the sentencing guidelines would have resulted in a lower guideline range if he were to be sentenced today[,]" the current motion makes no claims regarding sentencing guidelines. Instead, Hernandez, if his motion is construed liberally, discusses intervening changes in DOJ policy which might have resulted in certain charges not being brought. The district court also asserts that Judge McBryde had "considered and rejected" the same arguments Hernandez now raises— explicitly listing "changes in the sentencing guidelines would have resulted in a lower guideline range if he were to be sentenced today" and "his long sentence and conditions of confinement warrant a sentence reduction." But Judge McBryde adjudicated only motions under § 3582(c)(2). An analysis of whether extraordinary and compelling reasons exist is relevant only for compassionate release motions under § 3582(c)(1), so Judge McBryde never addressed those issues under the relevant standard. And the district court's

January 3, 2024 Order denying Hernandez's first § 3582(c)(1) motion at best confronts Hernandez's claims regarding his conditions of confinement due to the COVID-19 pandemic in the cursory phrase "[h]aving considered the Motion, the record, and the applicable law." If the district court is to rely on previous orders, it must be "possible to discern from the earlier order what the district court thought about the relevant facts." *Handlon*, 53 F.4th at 353.

A district court can "demonstrate that it has considered the arguments before it" in many ways. *See Concepcion*, 597 U.S. at 502. This court has given wide latitude to district courts in how they address duplicative filings and assert their consideration of motions, records, and applicable authorities for § 3582 motions. *See, e.g.*, *United States v. Morales*, No. 22-51102, 2023 WL 5532209, at *1 (5th Cir. Aug. 28, 2023) (unpublished).[2] But our latitude is not boundless. Even though the district court's order asserts that it has "considered the current motion, the record, and applicable authorities," the language within the order suggests otherwise. Hernandez's most recent motion raises at least one new claim— that his original sentence was based on improper documents. The district court's order does not confront this claim, either by reference to previous orders denying Hernandez's several motions for compassionate release or in the order itself. The district court's order denying Hernandez's instant motion for the same reasons it denied his previous compassionate release motion was error, given the inaccurate characterization of his motion and the new claim raised.

_____

[2] *See also United States v. Gumbs*, No. 23-50057, 2023 WL 4068567, at *1 (5th Cir. June 20, 2023) (unpublished); *United States v. Collier*, No. 22-40573, 2023 WL 234138, at *1 (5th Cir. Jan. 17, 2023) (unpublished). Unpublished decisions issued in or after 1996 "are not precedent" except in limited circumstances, 5th Cir. R. 47.5.4, but "may be persuasive authority," *Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006).

B.

Even though the district court made clear errors of fact and did not address Hernandez's arguments as required under *Concepcion v. United States*, if its subsequent analysis of the factors set forth in 18 U.S.C. § 3553(a) leads to the same outcome and is without error, we could affirm. *See Jackson*, 27 F.4th at 1089. Here too, the district court appears to have relied on an erroneous understanding of the record. Highlighting the seriousness of Hernandez's crimes, the district court asserted that "[Hernandez] was convicted after a jury trial for being involved in a vast drug trafficking conspiracy." No count for conspiracy appears in Hernandez's indictment or in the judgment of the jury. Neither does the Pre-Sentence Report provide facts that could support a conspiracy. Therefore, the district court relied on an erroneous understanding of the record when it denied Hernandez's request for compassionate release.

When a sentence is based on error, the burden of proving harmlessness is on the party defending the sentence. *United States v. Garcia*, 655 F.3d 426, 432 (5th Cir. 2011) (citing *Williams v. United States*, 503 U.S. 193, 203 (1992)). The district court decided Hernandez's motion before the government could respond, and the government has declined to file a brief in opposition to Hernandez's appeal. Because of this, no one has carried the burden of proving the district court's error was harmless.

Accordingly, the order denying compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) is VACATED, and this matter is REMANDED for the district court's reconsideration.

No. 24-10734

Andrew S. Oldham, *Circuit Judge*, dissenting:

Ronald Hernandez is an illegal alien from Honduras with a long criminal history. As relevant here, Hernandez was convicted in 2009 of possessing and distributing methamphetamine and possessing a firearm in furtherance of a drug trafficking crime. Since then, Hernandez has pursued every available avenue of post-conviction relief—including a direct appeal, several habeas petitions, and three motions to reduce his sentence under 18 U.S.C. § 3582(c). The district court denied Hernandez's latest § 3582(c) motion, finding that it repeated arguments from the first two motions and that Hernandez did not qualify for a sentence reduction.

My esteemed colleagues in the majority vacate the district court's latest order. But I do not see an error in the district court's approach. The district court accurately stated that Hernandez challenged his "long sentence and conditions of confinement" in previous § 3582(c) motions, ROA.586, that his challenge relied on "a change in sentencing guidelines," *ibid.*, and that he was involved in a "conspiracy" to traffic drugs even if he was not indicted for that conspiracy. ROA.587.

More importantly, even if the majority were correct about the purported errors, that would still not entitle Hernandez to the do-over the court orders. "Even when the district court has erred" in applying § 3582(c)(1), "we may affirm if another ground in the record supports its judgment." *United States v. Jackson*, 27 F.4th 1088, 1091 (5th Cir. 2022). This is because § 3582(c)(1)(A) requires the court to consider the § 3553(a) sentencing factors *before* deciding whether "extraordinary and compelling reasons warrant" a sentence reduction. *See* 18 U.S.C. § 3582(c)(1)(A). If those sentencing factors don't favor reduction, then the court need not reach § 3582(c)(1)(A)(i) or (ii) at all. *See Jackson*, 27 F.4th at 1091.

That harmless error rule applies here. This is what the district court said in denying Hernandez's § 3582(c)(1) motion:

> There are no extraordinary and compelling reasons for Movant's early release. Movant is serving a 345-month sentence. He was convicted after a jury trial for being involved in a vast drug trafficking conspiracy. Movant has not shown, and the Court cannot find, that Movant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g). USSG 1B1.13 (policy statement). **Further, weighing the factors of 18 U.S.C. § 3553(a), the Court is not inclined to grant relief.** Immediate release of Movant as he requests would not be in the interest of justice. Rather, it would minimize the seriousness of his crimes and conduct and encourage every other prisoner who could not obtain relief under 28 U.S.C. § 2255 to seek compassionate relief for extraordinary and compelling circumstances.

ROA.587 (emphasis added). The court first stated that Hernandez failed to establish "extraordinary and compelling reasons" for release under § 3582(c)(1)(A)(i), mentioning a "conspiracy." And then the court separately weighed the § 3553(a) sentencing factors, finding that Hernandez was "further" ineligible for release. In my view, the order draws no connection between the statement that Hernandez was involved in a "conspiracy" and the holding that he failed to satisfy the § 3553(a) sentencing factors. Instead, the district court highlighted the seriousness of Hernandez's crimes and the perverse incentive of turning § 3582(c)(1)(A) into yet another avenue for endless post-conviction relief litigation. So the district court's separate weighing of the § 3553(a) factors cures any alleged error on the § 3582(c)(1)(A) front. *Jackson*, 27 F.4th at 1091.

I fully expect that, on remand, the district court will weigh the § 3553(a) factors just as it did the last time. And I further expect that it will

deny Hernandez's motion just as it did the last time. Whatever misstatements the district court made are, at very most, harmless. And it accomplishes nothing to ask our colleague on the district court to redo the latest in a long line of orders correctly denying postconviction relief to a hardened criminal.

With deepest respect and appreciation for my colleagues who see the matter differently, I respectfully dissent.